**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 3, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHAMEKA BANKS; TIMOTHY
JOHNSON; CAROL JONES,

      Plaintiffs-Appellants,

v.

AMERICAN BAPTIST CHURCHES;
BACONE CHRISTIAN COLLEGE;
MUSKOGEE REGIONAL MEDICAL
CENTER,

      Defendants-Appellees.

No. 14-7067
(D.C. No. 6:14-CV-00100-RAW)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

While attending Bacone Christian College, Timothy Johnson was sent to

Muskogee Regional Medical Center to undergo psychiatric treatment. No one

contacted Mr. Johnson's mother, Shameka Banks, or his grandmother, Carol

Jones. Mr. Johnson, Ms. Banks, and Ms. Jones allege that Bacone, MRMC, and

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

American Baptist Churches should've notified the family about Mr. Johnson's hospitalization. The district court dismissed the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

On appeal, the family members insist their case is strong but do not directly address any of the dispositive problems the district court identified in their pleadings, let alone point out any defects in that court's judgment. While this court takes seriously its obligation to construe liberally pro se filings like those here, it will not invent arguments for reversal that a litigant does not even touch upon. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). This court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* Pro se litigants, moreover, are not excused from following the same rules of procedure that govern other litigants. *Id.* The family members' briefs don't come close to complying with Fed. R. App. P. 28 — the rule governing the form and content of appellate briefs. The briefs fail to list any issues for appeal, don't explain why the court erred in dismissing their claims, and lack any citations to authority whatsoever.

The judgment is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge


.